1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALBERT J. HAMILTON,                    No. 2:19-cv-0445-EFB P

12              Plaintiff,

13         v.                                ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14    M. ARMSTRONG, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18   § 1983, seeks leave to proceed in forma pauperis. ECF No. 2. However, as explained below, he

19   is not eligible to proceed in forma pauperis, and his application must be denied.

20        A prisoner may not proceed in forma pauperis:

21        if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
          any facility, brought an action or appeal in a court of the United States that was
22        dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
          upon which relief may be granted, unless the prisoner is under imminent danger of
23        serious physical injury.

24

25   28 U.S.C. § 1915(g). Court records reflect that plaintiff has been designated a three-strikes

26   litigant for purposes of § 1915(g). *See Hamilton v. Spears*, No. 3:18-cv-2429-BAS-WVG (Jan.

27   14, 2019, S.D. Cal.) (identifying plaintiff as a three-strikes litigant); *See also* (1) *Hamilton v.*

28   *Jurban*, No. 2:17-cv-5297-ODW-SS (C.D. Cal.) (case dismissed on April 17, 2018 for failure to

                                             1

prosecute/obey court orders after two screening orders dismissing complaints as frivolous/failing to state a claim);[1] (2) *Hamilton v. Jurban*, No. 18-55762 (9th Cir.) (appeal dismissed on August 24, 2018 as frivolous); (3) *Hamilton v. Spears*, No. 3:18-cv-2429-BAS-WVG (S.D. Cal.) (case dismissed on January 14, 2019 for failure to state a claim); (4) *Hamilton v. Steeb*, No. 2:17-cv-5300-ODW-SS (C.D. Cal.) (case dismissed on February 20, 2019 for failure to prosecute/obey court orders after two screening orders dismissing complaints for failure to state a claim).

The section 1915(g) exception applies only if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's complaint makes no such showing. *See* ECF No. 1 (alleging he cannot go outside while housed at California State Prison, Solano because of a medical condition causing an intolerance to cold and that his "permanent" mobility vest was removed even though he cannot get down when an alarm is called on the yard). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] A prisoner may not avoid incurring a "strike" simply by declining to take advantage of opportunities to amend. *Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE