UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALBERT J. HAMILTON,

    Plaintiff,

v.

M. ARMSTRONG, et al.,

    Defendants.

No. 2:19-cv-0445-MCE-EFB P

**ORDER**

On October 15, 2019, the Court dismissed this action due to Plaintiff Albert J. Hamilton's ("Plaintiff") failure to pay the filing fee. ECF Nos. 26, 27. Presently before the Court is Plaintiff's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] ECF No. 28. For the reasons set forth below, Plaintiff's Motion is DENIED.

Rule 60(b) allows a party to seek reconsideration of a final judgment or any order where such a party can demonstrate: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). Rule

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

1

1 │ 60(b)(6) is the "catch-all" clause "intended to encompass errors or actions beyond the petitioner's control." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 n.8, 1170 n.11 (9th Cir. 2002). Courts therefore use Rule 60(b)(6) relief "sparingly as an equitable remedy to prevent manifest injustice" and grant relief "only where extraordinary circumstances prevent . . . a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Accordingly, to obtain relief under Rule 60(b)(6), a party must show that he suffered an injury as a result of the judgment from which he seeks relief and that circumstances beyond his control prevented him from taking timely action to protect his interests. Id.; see also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

Here, Plaintiff fails to show any extraordinary circumstances beyond his control that would warrant relief under Rule 60(b)(6). Plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g) and his failure to pay the filing fee resulted in dismissal of the case. Accordingly, Plaintiff's Motion to Vacate, ECF No. 28, is DENIED.

IT IS SO ORDERED.

Dated: January 10, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE