UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON, | No. 2:19-cv-0445-MCE-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. ARMSTRONG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner who, proceeding without counsel, brought an action under 42 U.S.C. § 1983. The court previously determined that plaintiff was a "three-striker" within the meaning of § 1915(g). ECF No. 7. It therefore recommended that his application to proceed in forma pauperis be denied. *Id.* The district judge adopted that recommendation over plaintiff's objections. ECF No. 20. Plaintiff sought reconsideration of the district judge's order (ECF No. 24) and that motion was denied. ECF No. 25. On October 15, 2019, the district judge dismissed this action for failure to pay the filing fee. ECF No. 26. Judgment was entered the same day. ECF No. 27. Now, plaintiff has filed a motion to vacate judgement. ECF No. 28. For the reasons stated hereafter, that motion should be denied.

Legal Standards

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for:

1

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonably diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b)(6) – the "catch-all provision" which plaintiff cites in his motion (ECF No. 28 at 1) – a district court can vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and alteration omitted). The U.S. Court of Appeals for the Ninth Circuit has cautioned that the Rule 60(b) "catch-all provision" should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

## Analysis

The court has reviewed the arguments raised in plaintiff's motion and concludes that they do not meet the "extraordinary circumstances" which relief under Rule 60(b)(6) requires. Rather, they appear to be little more than a re-articulation of the arguments raised in his previous motion for reconsideration (ECF No. 24) and objections (ECF No. 19). He broadly argues that he is in imminent danger of physical harm insofar as he suffers from "Reynaud's Disease" and the circumstances under which he is incarcerated have not made the proper allowances for his symptoms. ECF No. 28 at 14-17. Again, this argument was previously raised by plaintiff in his objections (ECF No. 19 at 13-14) and rejected by the district judge (ECF No. 20). Elsewhere, he

argues that he is not a "three-striker," but this argument is impossible to parse. He claims that he "[he] did not have any need [of] any U.S. case against A. Spears because he was already over 100-days 'default' with the court of appeal in San Diego . . . ." ECF No. 28 at 4-5. It is unclear what this statement means or how it affects his status as a three-striker. And nothing else in the motion indicates the existence of circumstances beyond plaintiff's control which precluded his proceeding with this action in proper fashion. Indeed, to the extent that the current motion contains novel arguments that were not raised in his objections or previous motion for reconsideration, plaintiff has offered no explanation for that omission. Finally, to the extent he raises such an argument implicitly, plaintiff fares no better under any of the other 60(b) elements.

Conclusion

Based on the foregoing, plaintiff's motion to vacate judgment (ECF No. 28) should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 21, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3